United States District Court
Southern District of Texas
**ENTERED**
October 15, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YUSMERY DE LA CARIDAD VALDESPINO GONZALEZ, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-26-6406 |
| RANDY TATE, et al., | § | |
| Respondents. | § | |

# MEMORANDUM OPINION AND ORDER

Yusmery De La Caridad Valdespino Gonzalez ("Petitioner"), a citizen of Cuba, entered the United States without inspection on April 29, 2019.[1] On June 29, 2022, an immigration judge ordered Petitioner removed from the United States to Cuba.[2] On July 14, 2026, Petitioner was taken into immigration custody.[3] Petitioner remains in immigration custody under 8 U.S.C. § 1231 and Respondents are working to remove her to Mexico.[4]

---

[1]Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Emergency Motion for Temporary Restraining Order, Preliminary Injunction, Stay of Removal, Request to Preserve This Court's Jurisdiction, and Request for an Individualized Custody Determination ("Habeas Petition"), Docket Entry No. 1, p. 3; Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 2; Declaration of Yusmery De La Caridad Valdespino Gonzalez Pursuant to 28 U.S.C. § 1746, Docket Entry No. 9, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 12, p. 2.

[3]Habeas Petition, Docket Entry No. 1, p. 3.

[4]Respondents' MSJ, Docket Entry No. 5, pp. 2, 5.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).[5] Petitioner argues that her detention is unreasonable.[6] Also pending before the court is Respondents Motion for Summary Judgment (Docket Entry No. 12). Respondents argue that Petitioner's Habeas Petition should be denied because she failed to show that her detention violates Zadvydas.[7]

When a petitioner is subject to a final order of removal, she may challenge continued detention under Zadvydas v. Davis, 121 S. Ct. 2491 (2001), which "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Id. at 2498. Under Zadvydas, a detention period of six months after a final order of removal has been issued is presumed to be reasonable. Asmerom v. Martinez, CIVIL ACTION NO. 4:26-CV-00793, 2026 WL 1707195, at * 3 (S.D. Tex. Jun. 11, 2026). Petitioner was ordered removed on June 29, 2022 but has only been detained since July 14, 2026. Thus Petitioner has been detained under a final order of removal for approximately three months. "Because [Petitioner] has not been in custody past the presumptively reasonable period [of six months] outlined in Zadvydas, [s]he does not demonstrate that h[er] detention violates the Constitution and [s]he does not state an actionable claim for relief." Parker v. Sessions, CIVIL ACTION NO. H-18-2261, 2018 WL 11491450, at *2 (S.D. Tex. July 16, 2018).

---

[5]Petitioner has also filed her Emergency Motion for Temporary Restraining Order (Docket Entry No. 2), her Emergency Motion for Preliminary Injunction (Docket Entry No. 4), her Emergency Motion for Stay of Removal (Docket Entry No. 5), her Emergency Motion to Preserve this Court's Jurisdiction and to Prevent Transfer (Docket Entry No. 6), her Emergency Motion for an Individualized Custody Determination (Docket Entry No. 7), and her Emergency Motion for Release on Bond or, in the Alternative, Release Under Appropriate Conditions of Supervision Pending Habeas Review (Docket Entry No. 8).

[6]Habeas Petition, Docket Entry No. 1, pp. 4–5. Petitioner's claims are not clear. However, because Petitioner is pro se and because she is under a final order of removal, the court will address her general claims as a Zadvydas claim.

[7]Respondents' MSJ, Docket Entry No. 12, pp. 1–2.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**. Because Petitioner's detention may become unlawful in the future under Zadvydas, Petitioner's Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Emergency Motion for Temporary Restraining Order, Preliminary Injunction, Stay of Removal, Request to Preserve This Court's Jurisdiction, and Request for an Individualized Custody Determination (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** as premature. Accordingly, Petitioner's Emergency Motion for Temporary Restraining Order (Docket Entry No. 2), her Emergency Motion for Preliminary Injunction (Docket Entry No. 4), her Emergency Motion for Stay of Removal (Docket Entry No. 5), her Emergency Motion to Preserve this Court's Jurisdiction and to Prevent Transfer (Docket Entry No. 6), her Emergency Motion for an Individualized Custody Determination (Docket Entry No. 7), and her Emergency Motion for Release on Bond or, in the Alternative, Release Under Appropriate Conditions of Supervision Pending Habeas Review (Docket Entry No. 8) are **DENIED**.

Petitioner may re-file her petition if (1) she has not been removed after the six-month time period has expired, (2) she has exhausted all available administrative remedies, and (3) she can show that she has cooperated with ICE in obtaining travel documents to effect her removal. 8 U.S.C. § 1231(a)(1)(C).

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 15th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE